IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**CHARLES CALVIN MOORE, #209229,** :

    **Plaintiff,** :

**vs.** : CIVIL ACTION 10-00029-KD-B

**DR. LOPEZ,** *et al.*, :

    **Defendants.** :

## REPORT AND RECOMMENDATION

This action, filed under 42 U.S.C. § 1983 by an Alabama prison inmate proceeding pro se and seeking leave to proceed in forma pauperis, has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. It is the undersigned's recommendation that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A review of the dockets of federal courts in other jurisdictions reveals that the instant action was filed by an inmate who previously had at least three actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief can be granted, namely, Moore v. Potts, et al., CA 08-0283-WKW-SRW (M.D. Ala. June 19, 2008); Moore v. Potts, et al., CA 08-0859-LSC-HGD (N.D. Ala. Nov. 25, 2008); Moore v. Potts, et al., CA 08-2087-KOB-HGD (N.D. Ala. June 12, 2009); and Moore v. Ferrell, CA 08-0533-KD-M (S.D. Ala.), appeal dismissed as frivolous (11th Cir. Nov. 12, 2009) (appeal only). Thus, the instant action comes within the purview of 28 U.S.C. § 1915(g), which precludes Plaintiff from proceeding with the instant action in forma pauperis unless he is "under imminent danger of serious physical injury."[1]

The undersigned has carefully reviewed Plaintiff's Complaint (Doc. 1) to determine if he has demonstrated that he was "under imminent danger of serious physical injury" at the time he filed the instant action, and concludes that Plaintiff has failed to satisfy this requirement. In the Complaint received on January 15,

---

[1] The Court previously granted Plaintiff's Motion to Proceed Without Prepayment of Fees. (Doc. 5). By separate order, the Court is withdrawing the prior order (Doc. 5), and ordering the return to Plaintiff of his $2.16 partial filing fee in light of the Court's discovery that at least three of Plaintiff's prior actions and appeals were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief can be granted.

2

2010, Plaintiff complains of the lack of adequate treatment for his epilepsy and of being given overdoses of his dilantin medication. (Doc. 1 at 4-9). According to Plaintiff, he had seizures on July 5, 2008, July 11, 2008, and December 20, 2008, during which he injured his head and shoulders, and developed eyesight problems as a result of overdosing. (Id.). Based on the dates provided by Plaintiff, it appears that Plaintiff's claims occurred well before he filed the instant Complaint, thereby undercutting any showing of imminency.

The law is clear that past harm does not satisfy § 1915(g)'s exception that a plaintiff be "under imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g) . . . ."); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) ("a prisoner's allegation that he faced imminent danger sometime in the past is . . . insufficient"); see also Adbul-Akabar v. McKelvie, 239 F.3d 307, 315 (3d Cir.) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), cert. denied, 533 U.S. 953 (2001). Thus, in order to satisfy the exception to § 1915(g), a "plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the

3

likelihood of imminent serious physical injury[.]" Ball v. Allen, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (citation and quotation marks omitted) (unpublished) (Granade, C.J.). Plaintiff has not done this.

Plaintiff's failure to show that he was "under imminent danger of serious physical injury" when he filed the present action prevents his action from coming within § 1915(g)'s exception. Accordingly, it is recommended that Plaintiff be afforded thirty (30) days in which to pay the statutory filing fee in this action. If he fails to do so, this action should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he initiates the action).

The instructions that follow the undersigned's signature contain important information regarding objections to the Report and Recommendation of the Magistrate Judge.

**DONE** this **24th** day of **May, 2010.**

                                            **/S/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.  **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

   A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

---

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED.R.CIV.P. 72(b)(2).

5

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.